Franklin District Court,
No. 5582.

STATE *v.* WILLIAM A. LAFOUNTAIN.

Argued June 6, 1967.
Decided July 18, 1967.

*George S. Pappagianis*, Attorney General and *Henry F. Spaloss*, Assistant Attorney General ( Mr. Spaloss orally ), for the State.

*Falardeau & Mahan ( Mr. Richard W. Mahan* orally ), for the defendant.

KENISON, C.J. The defendant contends the blood test is inadmissible in evidence because only. a duly licensed physician or a qualified medical laboratory technician can testify that the blood sample was taken and without this testimony the State's cases must be dismissed. " The defendant does not contend that as a matter of fact the doctor contaminated the sample with some foreign substance " but contends that in the absence of the doctor's testimony, " there is no basis for determining if the sample was obtained under sterile conditions. " As stated in *State* v. *Reenstierna*, 101 N. H. 286, 287 the " State has the burden of proving that the chemical test for intoxication was correctly administered in the particular case. "

It is not disputed that the law enforcement officers complied with RSA 262-A:69-c in informing and explaining to the defendant the consequences and alternatives of taking a blood test. The last sentence of RSA 262-A:69-i provides that all tests " shall be conducted in the laboratory of the bureau of food and chemistry department of public health. " This requirement was complied with in this case. The first sentence of the same section ( RSA 262-A:69-i ) provides that " Only a duly licensed physician or qualified medical laboratory technician . . . may withdraw blood for the purpose of a chemical test . . . . " The stipulation in this case " that Dr. Lawrence was a qualified physician and competent to take a blood sample " indicates compliance with this part of the quoted statute. The third sentence of this statute reads as follows: " No chemical tests authorized by 69-a shall be considered as evidence in any proceeding before any administrative officer or court unless such test is performed in accordance with methods prescribed by the public health officer of this state. " For the most part the methods prescribed by the

public health officer relate to the chemical test in the laboratory. But in any event, in the summary of the evidence before us there is no indication of a violation of the prescribed methods. The situation is unlike that in *State* v. *Gallant,* 108 N. H. 72, where no prescribed methods were in existence.

It is suggested that there was a possibility that alcohol may have been used to prepare the skin surface for a puncturing needle. This would affect the reliability of the test. Conceding this to be so for the purposes of argument that fact would go to the weight of the evidence and not to its admissibility. *State* v. *Roberts,* 102 N. H. 414; *State* v. *Gallant,* 108 N. H. 72; *Chalmers* v. *Harris Motors,* 104 N. H. 111. " In this state evidence does not have to be infallible to be admissible. If it is of aid to a judge or jury, its deficiencies or weaknesses are a matter of defense which affect the weight of the evidence but does not determine its admissibility." *State* v. *Roberts, supra,* 416. While there is a conflict in the cases ( see Erwin, Defense of Drunk Driving Cases, *s.* 15.06 ( 2d *ed.* 1966 ), a majority have recognized that the use of antiseptics such as ether or alcohol, while not a recommended procedure, affects the weight and credibility of the test and not its admissibility. *State* v. *Fox,* 177 Neb. 238, 249; *Crews* v. *Commonwealth,* 205 Va. 547; *State* v. *Schwade,* 177 Neb. 844; *State* v. *Erdman,* 64 Wash. 2d 286; *People* v. *Modell,* 143 Cal. App. 2d 724; Richardson, Modern Scientific Evidence, *s.* 13.11 ( 1961 ). " It was not the legislative intent that all possibility of inaccuracy or imperfection of the test should be excluded before being received in evidence." *State* v. *Fox, supra,* 249. See also, *People* v. *Malone,* 14 N. Y. 2d 8, 10, where the lower court was reversed in excluding the blood test because " it *may* have contained part of an alcoholic antiseptic agent the doctor *may* have used." ( Emphasis in the original ).

The factual situation in this case is similar to that described in *State* v. *Fornier,* 103 N. H. 152, 154: " The defendant argues that neither the doctor nor the trooper testified as to any labeling or marking for identification of the tube, that neither tube nor container was introduced in evidence, and that neither the doctor nor the trooper identified the tube and container as being the same tube and container in which the defendant's blood was placed. The defendant further points out that there was no testimony as to how the container and tube were moved from the refrigerator in police headquarters to the state laboratory, nor did all persons

who handled the specimen testify. We do not believe that these objections are fatal. It is not necessary that each evidentiary fact relied upon by the State be established beyond a reasonable doubt. *State* v. *Kilcoyne*, 82 N. H. 432, 433. "

We conclude that there has been a substantial compliance with the provisions of the implied consent law ( RSA 262 - A:69 - a to RSA 262 - A:69 - j ), and that any deficiencies in the evidence relating to the method and manner of the blood test affect the weight of the evidence and not its admissibility. *Shumate* v. *Commonwealth*, ( Va. ) 153 S.E. 2d 243 ( 1967 ); *State* v. *Fornier*, 103 N. H. 152; *Mora* v. *State*, 159 Tex. Crim. 321; *Columbus* v. *Marks*, 118 Ohio App. 359; Donigan, Chemical Tests and the Law 73 ( 2d *ed.* 1966 ).

*Remanded.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., *dissenting*: It is conceded that the use of alcohol to swab the skin or sterilize the equipment will affect the result of a blood test adversely to the defendant. The method of securing the sample is therefore an important part of the whole test.

The State has the burden of laying a proper foundation for the admission of the evidence by showing that the test was properly administered. *State* v. *Reenstierna*, 101 N. H. 286. I would hold that " reasonable proof of the reliability of the specimen is just as essential to the foundation as is the reliability of the test itself " ( *Columbus* v. *Marks*, 118 Ohio App. 359, 361 ) or the identity of the sample. *State* v. *Reenstierna, supra*; 29 Am. Jur. 2d, Evidence, *s.* 830.

By eliminating any requirement that the prosecution make a prima facie showing of reliability of the sample the majority deprives the defendant of the opportunity to show contamination by cross - examination of the State's witnesses. *Bruyere* v. *Castellucci*, ( R. I. 1964 ) 200 A.2d 226 and places upon him the burden of showing it by affirmative evidence.

While the evidence in this case is sufficient to lay a foundation as to the identity of the sample there is no evidence as to its reliability and I must therefore respectfully dissent.