Hillsborough,
No. 5789.

STATE

*v.*

MAURICE GROULX.

Argued September 5, 1968.
Decided January 31, 1969.

*George S. Pappagianis,* Attorney General, and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Leonard, Leonard & Prolman* (*Mr. David M. Prolman* orally), for the defendant.

GRIFFITH, J.   Defendant appeals from a conviction of operating a motor vehicle while under the influence of intoxicating liquor. The sole issue presented by the appeal relates to the admission of a blood test taken under RSA 262-A:69-a-j. A registered nurse withdrew the blood from the defendant and the defendant argues that this rendered the subsequent test inadmissible under RSA 262-A:69-i. Defendant's exception reserved and transferred by *Flynn,* J.

RSA 262-A:69-i reads as follows:

"Only a duly licensed physician or qualified medical laboratory technician acting at the request of a law enforcement officer may withdraw blood for the purpose of a chemical test required by 69-a. Such physician or qualified medical laboratory technician shall not be liable for damages or otherwise to the person from whom blood is withdrawn for any act performed in connection with such withdrawal provided the physician or qualified medical laboratory technician acts with ordinary care. No

chemical tests authorized by 69-a shall be considered as evidence in any proceeding before any administrative officer or court unless such test is performed in accordance with methods prescribed by the public health officer of this state. All tests made under the direction of a law enforcement officer shall be conducted in the laboratory of the bureau of food and chemistry department of public health."

According to the evidence the blood was withdrawn in a hospital by a registered nurse who had been trained in the withdrawal of blood. There was no indication that the method used would have resulted in any adulteration of the blood withdrawn. *Schmerber* v. *California,* 384 U. S. 757.

While the evidence in the case confirms the common knowledge of mankind that registered nurses regularly withdraw blood for laboratory tests, section 69-i does not include them as persons authorized to withdraw blood. The training and skills of medical laboratory technicians and graduate nurses are different, although both are trained in and commonly withdraw blood for tests. Certain standards for the training of registered nurses are set out in RSA ch. 326-A, but no definition of a medical laboratory technician appears in the statutes.

While RSA 262-A:69-i is specific in its direction to law enforcement officers as to whom they may have withdraw blood and who has limited protection from liability for withdrawing blood the statute does not forbid the admission in evidence of tests of blood not so withdrawn. Here the statute is concerned, as is the Trial Court, with the reliability of the test in determining the alcoholic blood content in the person tested. The latter portion of section 69-i sets forth the standards under which tests shall be conducted and bars as evidence tests not so conducted. This provision has been held mandatory in its exclusion of evidence where it was not shown that the tests were performed "in accordance with methods prescribed by the public health officer of this state." *State* v. *Gallant,* 108 N. H. 72, 75.

The evidence exclusion portion of section 69-i relates solely to the standards for testing the blood and not to the methods by which it was obtained. Even when the person withdrawing the blood is one designated by the statute, the Trial Court is not relieved of the necessity of examining the evidence to determine whether adulteration might have occurred. See *State* v.

*Reenstierna,* 101 N. H. 286; *State* v. *LaFountain,* 108 N. H. 219.

The evidence indicates the test was performed in accordance with the methods required by the statute on an unadulterated sample. The statute does not require it be excluded and the Trial Court properly admitted it. Defendant's exception overruled.

*Exception overruled.*

GRIMES, J., did not sit; the others concurred.