Hillsborough District Court,
No. 6064.

## STATE v. DAVID TRAXLER.

October 1, 1970.

*Warren B. Rudman,* Attorney General, and *W. Michael Dunn,* Assistant Attorney General (*Mr. Dunn* orally), for the State.

*Leonard, Leonard, Prolman & Prunier* (*Mr. David M. Prolman* orally), for the defendant.

GRIMES, J. The defendant who was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 moved to suppress evidence of a blood test because a copy of the report of the test was not furnished him within forty-eight hours after receipt thereof by the law enforcement agency as required by RSA 262-A:69-a. All questions of law raised by the motion were transferred without ruling by *Sterling,* J., District Court Justice.

Although it is agreed that no copy of the report of the test was furnished defendant within forty-eight hours after its receipt by the Department of Safety, there are no other reported facts or agreements. However, it appears not to be disputed that on August 1, 1969, the date of its receipt by the Department of Safety, a copy of the report on defendant's blood was sent through error to another person and that the defendant received actual notice within seventy-two hours and a copy of the report by registered mail on August 5, 1969.

In our opinion, the statute does not as a matter of law require the exclusion from evidence of the results of a blood test solely because of a failure to comply with the requirement that a copy of the report be furnished to the defendant within forty-eight hours after its receipt by the law enforcement agency.

The legislature has in two separate sections of the statute specifically provided for the exclusion of evidence of such tests when

certain specified other requirements have not been met. *See* RSA 262-A:69-c and 69-i. There is no such provision relating to the requirement that a copy of the report be furnished to the defendant within forty-eight hours. If the legislature had intended that evidence of the results of the test should be excluded as a matter of law solely because of a failure to meet the requirement here involved, it would have specifically so provided as it did with respect to other requirements.

In *State* v. *Groulx,* 109 N.H. 281, 249 A.2d 690 it was held that, although a provision in section 69-i that "No chemical tests authorized by 69-a shall be considered as evidence . . . unless such test is performed in accordance with methods pre-scribed by the public health officer of the state" was manda-tory in requiring the exclusion of evidence of tests not shown to have been performed in accordance with methods prescribed by the health officer, it did not require the exclusion of evidence of a test of blood drawn by a registered nurse even though that same section provides that "Only a duly licensed physician or qualified medical laboratory technician . . . may withdraw blood for the purpose of a chemical test required by 69-a." *See also State* v. *Slater,* 109 N.H. 279, 249 A.2d 692. We see no more reason for holding that the statute requires the exclusion of the evidence in the case now before us.

*Remanded.*

All concurred.