Concord District Court,
No. 6395.

STATE *v.* JAMES A. DUNSMORE.

November 3, 1972.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general, by brief, for the State of New Hampshire.

*Upton, Sanders & Upton* and *J. Gilbert Upton,* by brief, for the defendant.

PER CURIAM. The issues in this case are (1) whether the introduction in evidence of the result of a blood test without having the persons who took the sample and conducted the test present at the defendant's trial violated his right to confrontation, and (2) whether evidence of the result of the test was erroneously admitted when, although defendant had been given notice in accordance with RSA 262-A:69-c that he had a right to have a test made by a person of his own choosing, there was no evidence that he had been "afforded . . . an opportunity to request an additional test."

On September 4, 1971, a blood sample was taken from the defendant after he had been arrested for driving while under the influence of intoxicating liquor contrary to RSA 262-A:62 (supp.). Before the sample was taken he was read the so-called "*Miranda* warning" and then the officer read to him the following statement:

"1. You have been arrested and charged with driving while under the influence of intoxicating beverages.

"2. You may submit to a test of your blood or urine, to be conducted by a person of our choice.

"3. You also have the right to have a blood or urine test conducted by a person of your choice.

"4. Refusal to permit the test may result in revocation of your license, or right to drive in this state for 90 days."

He then submitted to a blood test. Report of the test was received by the Concord Police Department on September 9, 1971, and a copy was received by the defendant on September 10, 1971. On September 15, 1971, defendant was arraigned on a complaint dated the same day and pleaded not guilty. He was tried on October 21, 1971, and the result of the blood test was admitted in evidence over his objection. Neither the person who took the sample nor the one who made the test was called as a witness, and there was no evidence that, after having been given the warnings quoted above, the defendant requested an additional test by a person of his choice. Defendant was found guilty and the questions of law relating to the admission in evidence of the report of the blood test were transferred by *Matson*, J., in advance of sentencing.

RSA 262-A:69-k(supp.) provides that any person who is arraigned on a charge of driving under the influence of intoxicating liquor "shall file notice in said court, within five days immediately following the receipt by said person of the results of any blood alcohol test administered to him, requiring the attendance of the person who took the sample for said test or of the person who conducted said test, or both. Failure to file notice shall be deemed a waiver to require their attendance at the trial, and the official report of said test issued pursuant to RSA 262-A:69-a shall be deemed conclusive evidence of the conduct and results of said test."

The bill enacting this provision was signed by the Governor on May 5, 1971, and became effective on July 4, 1971. Neither the defendant nor his attorney knew of the existence of the provision and no notice was filed to require the presence of the persons involved in either taking the sample or conducting the test.

The first issue, involving defendant's confrontation claim, is decided adversely to him by *State* v. *Larochelle*, 112 N.H. 392, (1972), decided this day.

The second issue raised by defendant's objections is whether evidence of the result of the test was erroneously admitted, for want of proof that the defendant was afforded an "opportunity to request" an additional test by a person of his own choice. RSA 262-A:69-c(2). There was no evidence that the defendant made any request for such a test. In the absence of evidence that he was prevented from doing so or that his statutory rights were interfered with, the State's burden of proof was satisfied by the proof that he was told that he had the right to have the additional test made.

The opportunity to request the test was afforded at that time. The statute required nothing more. *See State* v. *Petkus,* 110 N.H. 394, 269 A.2d 123 (1970); *cf.* RSA 594:15, 16, 17, requiring that notice of detention of a prisoner be given to a relative, friend, or attorney of the prisoner, and that conferences at reasonable times be permitted, under penalty of a fine.

We hold that the evidence of the result of the test made for the State was properly received.

*Remanded.*

GRIMES J., dissented.

GRIMES, J. *dissenting:*

I agree that defendant's confrontation claim is disposed of by *State* v. *Larochelle,* 112 N.H. 392 (1972), decided this date.

I would hold, however, that the result of the test in this case was nevertheless inadmissible because of lack of any evidence that defendant was afforded an opportunity to request an additional test by a person of his own choosing as required by statute. RSA 262-A:69-c provides: "Before any test specified in section 69-a is given, the law enforcement officer shall (1) inform the arrested person of his right to have a similar test or tests made by a person of his own choosing, (2) afford him an opportunity to request such additional test, and (3) inform him of the consequences of his refusal to permit a test at the direction of the law enforcement officer. If the law enforcement officer fails to comply with the provi-

sions of this section, the test shall be inadmissible as evidence in any proceeding before any administrative officer and court of this state."

This section imposes a positive duty on the officer to do three equally important things before taking the test and specifically excludes the results if he fails to comply. In such instances, it has uniformly been held that the State has the burden of showing compliance. *State* v. *LaFountain,* 108 N.H. 219, 231 A.2d 635 (1967); *State* v. *Gallant,* 108 N.H. 72, 227 A.2d 597 (1967); *State* v. *Scanlon,* 110 N.H. 179, 263 A.2d 669 (1970); *cf. State* v. *Traxler,* 110 N.H. 410, 269 A.2d 864 (1970).

In this case there is no evidence whatever that the officer complied with one of the three equally important requirements of admissibility by affording defendant the opportunity to request the additional test. The legislature in its wisdom expressly provided that the arrested person not only be told by the officer of his right to have an additional test, but also that he "afford him the opportunity to request such additional test." This is a recognition that, without the opportunity to request the additional test, the instruction about the right to have one would be valueless. Since the State failed to introduce any evidence that this condition of admissibility was complied with, the evidence should have been excluded as the legislature has expressly provided.