Rockingham
No. 6503

STATE OF NEW HAMPSHIRE

v.

BETTY BECKMAN

January 31, 1974

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general, by brief, for the State.

*Alfred Catalfo, Jr.,* by brief, for the defendant.

PER CURIAM. The defendant, Betty Beckman, was convicted by jury of the crime of arson (RSA 584:1) and sentenced to six months in the house of correction by *Grant,* J., who reserved and transferred her exceptions. The indictment alleged that defendant "did solicit, hire and procure" her ex-husband, Victor Welch, to set fire to and burn her mobile dwelling home in Seabrook. Victor became the state's chief witness.

Before, during and after the trial, the defendant's counsel filed motions to the denial of which he excepted and he also excepted to various rulings, as appears more particularly in the record.

Before trial, the defendant moved that the case against Welch, who had been separately indicted under RSA 584:1 be tried before her case and failing this, that they be tried together. These motions were denied, and the defendant excepted. Under our well established procedure, these issues were for the trial court and no abuse of discretion appearing, the exceptions are overruled. *State v. Chickering,* 97 N.H. 368, 89 A.2d 206 (1952).

The defendant's basic claims rest on the argument that she did not have a fair trial because the State refused to give her counsel certain information relating to Welch so that she could not effectively confront and cross-examine this witness. Therefore, her counsel asserts that his client's rights under the sixth amendment of the Federal Constitution were violated. The record does not support this contention.

Prior to the trial, the defendant, claiming Welch to be "mentally ill", moved to have him committed to the State Hospital and psychiatrically examined. The court denied this motion in the following terms: "Motion denied; provided, however, that the defendant shall have the right to file a motion for an examination of Victor Welch by a psychiatrist, to be paid for by the defendant, sending a copy of the motion

to counsel for Victor Welch, and if that is done, there will be a hearing on the motion, unless Victor Welch agrees to the examination." Nothing further was done by the defendant and we hold that no exception lies to the court's action. *State v. Healey,* 106 N.H. 308, 311, 210 A.2d 486, 488 (1965); *see also* RSA 135:17 (Supp. 1972).

Various other motions by the defendant were aimed at obtaining Welch's income tax returns, and his work and "criminal and motor vehicle" records. The court denies the motions relating to work and income tax records, but ordered that the defendant could send copies of these motions to Welch's counsel together with a copy of the order and then have a hearing on whether Welch should be compelled to produce the requested information. Since the defendant neither followed the suggested procedure nor invoked the subpoena power to obtain further relevant information within the court's jurisdiction her exceptions cannot be sustained.

Regarding the criminal and motor vehicle records, the court ordered the prosecution to furnish defendant's counsel any criminal or motor vehicle records on file with the State police which the State had not already given him. It appeared that the prosecution had already furnished defendant's counsel all the information which it possessed and which was obtainable in the files within the State regarding any offense Welch had committed here. It is elementary that the prosecution had no power or duty to furnish records which might have existed outside the State and beyond our court's control. *See State v. Wrenn,* 77 N.H. 361, 92 A. 170 (1914); *State v. Palumbo,* 113 N.H. 329, 306 A.2d 793 (1973); 21 C.J.S. *Courts* § 91 (1940). Unlike the situation in *State v. Dukette,* 113 N.H. 472, 309 A.2d 886 (1973), the prosecution did not withhold from the defendant information which it possessed and which in "any reasonable likelihood [could] have affected the judgment of the jury . . . ." *Id.* at 477, 309 A.2d at 889, quoting *Giglio v. United States,* 405 U.S. 150, 154 (1972).

A careful examination of the entire record discloses no error, and the order is

*Exceptions overruled.*