Rochester District Court
No. 6814

STATE OF NEW HAMPSHIRE V. MICHAEL GILLIS

June 28, 1974

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Fisher, Parsons, Moran & Temple* and *Robert E. Fisher (Mr. Fisher* orally) for the defendant.

PER CURIAM. Defendant who was convicted of driving while intoxicated raises the single issue of the admissibility of the results of breathalyzer tests when a certain report on the tests had not been received by the New Hampshire Bureau of Food and Chemical Service as provided by regulations. A statute provides that for test results to be admissible at a hearing the test must be performed in accordance with the regulations. RSA 262-A:69-i IV (Supp. 1973); *State v. Groulx,* 109 N.H. 281, 249 A.2d 690 (1969). On this basis, defendant objected to admitting the test results, the Rochester District Court *(Cooper,* J.) overruled the objection and reserved and transferred the issue raised.

The facts as found by the district court are not controverted. Defendant was arrested on November 26, 1972 and charged with operating a vehicle while intoxicated in violation of RSA 262-A:62 (Supp. 1973). The arresting officer took defendant to the police department where a breathalyzer test was "properly conducted". Through his attorney, defendant reasonably requested the presence at the hearing of the person who conducted the test and of the person who certified the machine. RSA 262-A:69-k (Supp. 1973); *see State v. Larochelle,* 112 N.H. 392, 297 A.2d 223 (1972).

At the hearing the person who certified the machine, a representative of the bureau of food and chemical service, testified that he had not received a copy of the Blood Alcohol Report Form, in accordance with regulations promul-

gated by the State department of health and welfare, (RSA 262-A:69-i III (Supp. 1973)), requiring the test results to be forwarded to the bureau. The report form consists of four copies of the results of the test and of certain background information on the person tested. One copy of the form is retained by the breathalyzer operator, one retained by the arresting officer, one copy is sent to the bureau and one is handed to the person tested, who must sign an acknowledgment of its receipt. *See State v. Larochelle,* 112 N.H. 392, 398, 297 A.2d 223, 227 (1972). A second and separate regulation provides that a "read-out chart" (the actual paper inserted in the machine to record the percentage of blood alcohol) bear the subject's name, date and time of test, technician's name, and serial number of the machine. Also, a certain "operational checklist", detailing the step-by-step method of operating the breathalyzer as prescribed by the manufacturer, must accompany the "read-out chart". No duplicates are made of the checklist or of the chart, but these two items are usually introduced in evidence at the trial.

Defendant argues that the failure to forward a copy of the blood alcohol report to the bureau is a violation of the regulations rendering the test results inadmissible. Defendant argues that in consequence he has been denied an opportunity to secure vital information such as the read-out chart, the checklist and the serial number of the machine. This approach confuses different regulations. There is no regulation requiring that copies of the read-out chart and checklist be sent to the bureau or given to the defendant. The information contained in the missing blood alcohol report form sent to the State bureau is identical to that on the copy of the form handed to defendant the night the test was performed. The primary purpose of requiring that the report be sent to the bureau is for the keeping of statistics. Thus the defendant's position was not compromised by the violation of the regulation, and the fairness of the regulatory scheme as a whole is not in issue. RSA 262-A:69-i IV (Supp. 1973) has previously been construed to require "substantial" compliance with the regulations while "technical" or "minor" omissions have been deemed not

"fatal" to admitting test results. There was substantial compliance with the regulations in this case. *State v. Gallant,* 108 N.H. 72, 227 A.2d 597 (1967).

*Defendant's exception overruled.*