STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
JOHN TEARE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 3, 1974—Remanded February 6, 1975—
Reargued June 3, 1975—Decided June 25, 1975.

Before Judges KOLOVSKY, LYNCH and ALLCORN.

*Mr. R. Benjamin Cohen,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Robert L. Martin,* Assistant Prosecutor, of counsel and on the brief).

*Mr. George J. Minish* argued the cause for respondent (*Messrs. Minish* and *Dooley,* attorneys).

*Mr. Richard W. Berg,* Deputy Attorney General, submitted a Statement in Lieu of Brief on Remand for the *amicus curiae* (*Mr. William F. Hyland,* Attorney General).

PER CURIAM. Defendant, who was charged with operating a motor vehicle while under the influence of intoxicating liquor (*N. J. S. A.* 39:4–50(a)), was given a breathalyzer test, with his consent, a short time after his arrest. The reading obtained, .20% alcohol in the blood by weight, would establish prima facie evidence of a violation of the statute. See *N. J. S. A.* 39:4–50.1. When defense counsel requested that he be permitted to examine the test ampoule used in the breathalyzer test, he was advised that the ampoule had been destroyed in accordance with the procedure established by the State Police.

In the County Court, defendant moved, pursuant to *R.* 3:5–7, that (a) the complaint be dismissed because of the State's failure to produce the ampoule, or (b) the results of the breathalyzer test be suppressed. Pursuant to an opinion reported at 129 *N. J. Super.* 562, the trial judge granted defendant's motion to suppress the results of the breathalyzer test but denied the motion to dismiss the complaint. The State obtained leave to appeal from the order of suppression. In an opinion dated February 6, 1975, reported at 133 *N. J. Super.* 338, we reversed and remanded the matter to the County Court for supplementation of the record by receipt of such additional testimony as the parties might offer, and findings of fact and conclusions of law as to whether preservation of the test ampoule involved was feasible or practical and, if so, under what conditions, and whether testing thereof would provide scientifically useful data to determine reliability of the test administered and of the resultant reading.

After taking further testimony pursuant to the remand, the County Court made findings of fact and conclusions as follows:

### Findings of Fact

Based on the testimony and evidence presented at this hearing the court finds as fact:

1. It is presently impossible to preserve the breathalyzer ampules so as to reliably eliminate all the factors which cause unpredictable changes in the ampule contents subsequent to the administering of the breathalyzer test.

2. The reactions begun inside the ampule by the original breathalyzer test continue in an unpredictable and uncontrollable manner. These unpredictable reactions cause subsequent analysis or retesting of the ampule to be totally unreliable evidence as a check on the accuracy or validity of the original breathalyzer test.

3. There is no predictable relationship to the changes that occur within the test ampule and the passage of time.

4. At the present time subsequent retesting or chemical analysis of the test ampules provides no acceptable scientific relationship to the accuracy or validity of the original test results.

5. The theory of Dr. Volpe and the experimentation of Dr. Jones have not been thoroughly tested or scientifically scrutinized as to be

considered acceptable as scientific fact or accurate enough to produce results admissible as evidence.

### Conclusion

Preservation of the test ampule is not feasible or practical since subsequent testing will not give any scientifically reliable results, this being due to the uncontrollable changes that occur in the breathalyzer test ampules after their use in the breathalyzer test. Furthermore, even if these changes or variations could be scientifically accounted for and accurately analyzed, you still could not properly analyze a test ampule subsequent to a breathalyzer test because there is simply no predictable relationship between the changes that occur and the lapse of time.

The above findings and conclusions of the County Court, after remand, are supported by substantial credible evidence in the record. *State v. Johnson,* 42 *N. J.* 146, 162 (1964). Since those findings established that preservation of the ampoule would not give any scientifically reliable information regarding the accuracy of the original test results, we hold that the State's failure to produce the ampoule does not deny defendant due process of law. The holding in *People v. Hitch,* 12 *Cal.* 3d 641, 117 *Cal. Rptr.* 9, 527 *P.* 2d 361 (Sup. Ct. 1974), essentially to the contrary, was expressly based upon a factual premise that preservation of the test ampoule would have provided evidence of value to a defendant charged with drunken driving.[1] Since the findings here are to the opposite effect and are based on a thorough exploration of the record, we decline to follow the holding of the California court.

We reaffirm our order, expressed in our decision on remand, wherein we reversed the trial court's order granting defendant's motion to suppress the results of the breathalyzer test. The matter is remanded to the municipal court for trial.

---

[1] We note that the rule there expressed was applied prospectively only and not to defendant there involved.