Merrimack District Court
No. 7077 & No. 7078

STATE OF NEW HAMPSHIRE v. JOHN A. AMATO

STATE OF NEW HAMPSHIRE v. CHARLES H. WATKINS

November 28, 1975

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *(Mr. Hess* orally), for the State.

*Francis G. Holland,* by brief and orally, for the defendants.

GRIMES, J. The sole question presented in this case is whether the State is required to produce at trial, pursuant to a request seasonably filed under RSA 262-A:69-k (Supp. 1973), the person who certified a breathalyzer machine prior to the test in issue in order to prove the correct operation of the machine. The defendants were convicted of violating RSA 262-A:62 (Supp. 1973). The Trial Court *(Harkaway,* J.) reserved and transferred the de-

fendants' exceptions.

The facts of these cases are not in dispute. Amato was arrested on April 26, 1974, and Watkins was arrested on March 16, 1974, both for violation of RSA 262-A:62 (Supp. 1973), operating a motor vehicle under the influence of intoxicating liquor. They each were taken to the Merrimack Police Station and advised of their constitutional and statutory rights as required by the implied consent law, RSA 262-A:69-c. Both voluntarily submitted to a breathalyzer examination, the results of which were furnished to them following the examination. Both defendants, within five days after receipt of the results, formally and in writing requested the attendance at trial of the person who certified the breathalyzer machine. The State failed to produce the certifying officer, but rather introduced into evidence in each case a certified copy of the results of the examination and verification of the accuracy of the breathalyzer machine. In both cases, counsel made timely objections.

It is argued that defendants have a statutory right to the attendance and testimony at trial of the person who examined and certified the accuracy of the breathalyzer machine used in their cases. This statutory right is claimed under RSA 262-A:69-k (Supp. 1973) which provides:

> "Official Record of Test. Any person, who is arraigned on a charge arising under RSA 262-A:69-a, shall file notice in said court, within five days immediately following the receipt by said person of the results of any blood alcohol test administered to him, requiring the attendance of the person who took the sample for said test or of the person who conducted said test, or both. Failure to file notice shall be deemed a waiver to require their attendance at the trial, and the official report of said test issued pursuant to RSA 262-A:69-a shall be deemed conclusive evidence of the conduct and results of said test."

We hold that the statutory term "or of the person who conducted said test" does not include a person who examined and certified for accuracy a breathalyzer machine.

In order to compel the State to have in attendance at trial the person who tests and verifies the accuracy of equipment and materials employed to take the samples and conduct the blood alcohol tests, that person must come within the statutory language of

RSA 262-A:69-k (Supp. 1973). *State v. Larochelle,* 112 N.H. 392, 297 A.2d 223 (1972). To determine legislative intent, we must look to the apparent statutory purpose as disclosed by its language in the light of its legislative history. *Frizzell v. Charlestown,* 107 N.H. 286, 288, 220 A.2d 742, 744 (1966); *Chagnon v. Union-Leader Co.,* 104 N.H. 472, 476, 190 A.2d 721, 724 (1963); *Clough v. Clough,* 80 N.H. 462, 464, 119 A. 327, 328 (1922). That history shows that the intent of RSA 262-A:69-k (Supp. 1973) was to reduce the number of witnesses required to prove the results of tests for blood alcohol in driving under the influence cases. N.H.S. Jour. 403 (1971).

The statute refers to "the person who took the sample for said test or the person who conducted said test, or both." Unlike a blood test where generally one person takes the sample and another conducts the test, in the case of a breath test the same person takes the sample and conducts the test using the breathalyzer machine. The person who certifies the machine does not conduct the test but simply checks the machine at two-month intervals. To hold that such a person "conducted the test" would be stretching the language of the statute beyond its fair import so as to extend its reach to situations not covered by the words used. *State v. Williams,* 92 N.H. 377, 378, 31 A.2d 369, 370 (1943).

Nothing in this decision precludes a defendant from summoning the person who tested the machine. The statement of fact in *State v. Gillis,* 114 N.H. 417, 321 A.2d 576 (1974), that the person who certified the accuracy of the breathalyzer was present and testified at the trial was not a ruling that his presence was required.

The results of periodic breathalyzer machine accuracy tests are kept by the division of public health services under procedures prescribed by the director of the division of public health pursuant to statutory authority. RSA 262-A:69-i III (Supp. 1973). These required procedures have the force and effect of law *(Ferretti v. Jackson,* 88 N.H. 296, 188 A. 474 (1936)) and the certified copy of the tests satisfies official record requirements. *State v. Larochelle,* 112 N.H. 392, 297 A.2d 223 (1972); *cf. State v. Russell,* 114 N.H. 222, 317 A.2d 781 (1974).

*Defendants' exceptions overruled.*

All concurred.