Nashua District Court
Nos. 7290 and 7466

STATE OF NEW HAMPSHIRE

v.

WILLIAM T. SHUTT

STATE OF NEW HAMPSHIRE

v.

MICHAEL F. DONOVAN

August 31, 1976

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Holland & Aivalikles (Mr. Francis G. Holland* orally) for the defendants.

GRIFFITH, J. The defendant in each of these cases was convicted in the Nashua District Court of operating a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975). Substantially identical issues of law were raised by defendants' exceptions to the denial of their motions to suppress, and defendants' exceptions were reserved and transferred by the District Judge, *Harkaway*, J.

The defendants in both cases argue that the results of breathalyzer tests administered to the defendants should have been suppressed because the State failed to preserve the ampoules used in the tests. They argue that RSA 262-A:69-b (Supp. 1975) impliedly imposes such a duty of preservation on the State and further that the failure to preserve such ampoules is a denial of due process.

The ampoules in question are sealed glass vials, containing a factory-prepared chemical solution, which are used in the breathalyzer examination. The contents of the ampoule, when exposed to the subject's breath, act directly to influence a gauge on a device which is calibrated in terms of percentage of alcohol in the blood. Although the defendants argue that the ampoules used in their tests were material to a determination of their innocence of the offenses charged, they failed to present any evidence that any information of value could be obtained from used ampoules.

We find no mandate express or implied in RSA 262-A:69-b (Supp. 1975) directing preservation of the ampoules used in a breathalyzer. The statute provides that samples of bodily substances, namely, blood and urine, when taken from a tested person, shall be preserved for thirty days so that the defendant may conduct his own test thereof. The statute makes no provision for preservation of the bodily substance used in a breathalyzer test, *i.e.*, air from the lungs, because it is not capable of being retained.

The preservation of the breathalyzer ampoules would be comparable to the preservation of the chemicals used in a blood or urine test. We find no specific or implied direction in RSA 262-A:69-b (Supp. 1975) requiring retention of such chemicals or the ampoules. On the contrary, the director of the division of public health, who is authorized under RSA 262-A:69-i III (Supp. 1975) to establish methods for testing for intoxication, for reasons of safety has directed that the ampoules be destroyed immediately after each test. The police officers who disposed of the ampoules in these cases were acting in accordance with this directive.

Defendants argue that due process requires retention of the ampoules and rely upon *People v. Hitch*, 12 Cal. 3d 641, 527 P.2d

361 (1974). Reliance upon *Hitch* is misplaced because of factual differences from the present cases. In *Hitch* the court found the statute required preservation of the ampoules, that they could be easily and safely preserved, and that they could be retested. These findings resulted in a ruling that, in the future, due process would require preservation of the ampoules. In common with a majority of the jurisdictions in this country, the ampoules used in New Hampshire, unlike those used in California, are factory-sealed and broken in the test. After the test the ampoules are open glass tubes with jagged edges containing a solution of sulphuric acid. The possibility of sealing them is remote, the probability of contamination is great, and nothing has been advanced to suggest that any information of value could be obtained from the ampoules.

The safeguards provided in the breathalyzer testing procedure are detailed and exact, and defendants do not argue here that they were not followed in these cases. Finally, RSA 262-A:69-b (Supp. 1975) offers the due process safeguard (*See* Annot., 78 A.L.R.2d 905 (1961)) of permitting defendant an additional test of his own performed by a person of his own choosing. It should be noted that defendant Donovan elected this procedure with a resulting blood alcohol reading of .159, an hour after the original test. Destruction of the ampoules destroyed no evidence that could be construed violative of due process. *Edwards v. State,* 554 P.2d 60 (Okla. Cr. App. 1975); *State v. Grose,* 45 Ohio Misc. 1, 340 N.E.2d 441 (1975); *State v. Dickens,* 130 N.J. Super. 73, 325 A.2d 353 (1974); *see State v. Beckman,* 114 N.H. 18, 315 A.2d 195 (1974); *cf. State v. Dukette,* 113 N.H. 472, 309 A.2d 886 (1973).

We find no merit in defendants' contention that the right given the defendants to have an additional test imposes a duty on the State to perform such test. RSA 262-A:69-b (Supp. 1975) contains no language from which such a requirement could be construed. *See State v. Dunsmore,* 112 N.H. 382, 297 A.2d 230 (1972). Their argument that they, rather than the officers, should have been allowed to select the type of test to be administered in the first instance was rejected in *Hallet v. Johnson,* 111 N.H. 152, 276 A.2d 926 (1971). Finally, in the arrest of defendant Shutt without a warrant for violation of RSA 262-A:62 (Supp. 1975), the defendants' reliance on *State v. Scanlon,* 110 N.H. 179, 263 A.2d 669 (1970), is misplaced. *State v. Scanlon* has been superseded by RSA 262-A:62-b (Supp. 1975), which authorizes a warrantless arrest of any person involved in a traffic accident when, as here,

there is probable cause to believe that person has violated the provisions of RSA 262-A:62 (Supp. 1975). *See State v. Standish,* 116 N.H. 483, 363 A.2d 404 (1976).

*Defendants' exceptions overruled.*

All concurred.