Epping Municipal Court
No. 7565

## STATE OF NEW HAMPSHIRE

### v.

### MICHAEL A. VARNEY

February 28, 1977

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general (*Mr. Damon* orally) for the state.

*Lee A. Strimbeck,* of Derry, by brief and orally, for the defendant.

### MEMORANDUM OPINION

Defendant was charged with the offense of driving while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1975). Defendant moved to suppress the results of a blood

test sample of 0.17 percent alcohol by weight because of a twelve-day delay from the date the sample was taken to the date the sample was analyzed by the state police laboratory. This delay is asserted to violate RSA 262-A: 69-i (Supp. 1975).

The chemist who performed the analysis of the sample testified that any deterioration would have worked to the defendant's favor, not the state's. Because the timing of delivery of the blood sample to the state laboratory for analysis is "not part of the procedure for conducting the chemical test," the defendant may not take advantage of the provision for exclusion of evidence pursuant to RSA 262-A: 69-i (Supp. 1975). *State v. Paul,* 116 N.H. 252, 356 A.2d 661 (1976); *State v. Groulx,* 109 N.H. 281, 249 A.2d 690 (1969). To the extent the twelve-day delay has any effect on the evidence it would relate to its weight and not its admissibility. *State v. Gallant,* 108 N.H. 72, 73–75, 227 A.2d 597, 598–99 (1967); *State v. LaFountain,* 108 N.H. 219, 231 A.2d 635 (1967).

This case raises no new or important question for this court. *See State v. Miller,* 117 N.H. 67, 369 A.2d 197 (1977). The transferring of questions such as herein raised by district and municipal courts pursuant to RSA 502-A: 17-a (Supp. 1975) on interlocutory matters should not be encouraged. *See, e.g.,* RSA 491: App. R. 88 (Supp. 1975).

*Denial of defendant's motion affirmed;*
*remanded.*