Hanover District Court
No. 7815

THE STATE OF NEW HAMPSHIRE

v.

DAVID A. VAN WIE *& a.*

January 23, 1978

*David H. Souter,* attorney general (*Robert V. Johnson II,* assistant attorney general, orally), for the State.

*Struckhoff & Kelly,* of West Lebanon (*Lawrence A. Kelly* orally), for the defendant David A. Van Wie.

*Donald A. Ingram,* of Hanover, for the defendants Karen L. Rickenrich and Thomas P. Hall.

GRIMES, J.    Each of the defendants was charged in the Hanover District Court with the offense of driving while under the influence of intoxicating liquor, in violation of RSA 262-A: 62 (Supp. 1975). Each defendant submitted to a breathalyzer test at the time of arrest. RSA 262-A: 69-a (Supp. 1975). Alleging that the director of the division of public health failed to comply with the mandates of RSA 541-A: 4 of the Administrative Procedure Act and RSA 262-A: 69-i III (Supp. 1975) of the Implied Consent Law, each defendant, relying on RSA 262-A: 69-i IV (Supp. 1975), timely moved to exclude the results of the breathalyzer test.

After trial and upon the consideration of memoranda submitted by the defendants and the State, but prior to the entry of verdicts, the Court, *Slive,* J., reserved and transferred the following questions of law under the provisions of RSA 502-A: 17-a (Supp. 1975) and RSA 491: 17:

A. Has the director of the division of public health prescribed methods for effecting chemical analysis of an arrested person's breath, in accordance with RSA 262-A: 69-i (III) ?

B. (1) Does the mandate of RSA 262-A: 69-i (III) (Supp.) require the director of the division of public health to make a rule within the meaning of RSA 541-A: 1 (IV) ?

(2) If so, has the director of the division of public health complied with the filing requirements of RSA 541-A: 2 (I) (c) ?

C. Should the results of the breathalyzer test be excluded under RSA 262-A: 69-i (IV) (Supp.) for failure of the tests to be performed in accordance

with methods prescribed by the director of the division of public health?

At the outset we note that these misdemeanor cases present new and important questions for this court, *State v. Varney*, 117 N.H. 163, 370 A.2d 289 (1977), and, therefore, "exceptional circumstances" exist under the test set out in *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977) regarding the transfers of interlocutory matters.

RSA 262-A:69-i III, IV (Supp. 1975) provides:

> III. Chemical analyses of the arrested person's breath, to be considered valid under the provisions of this act, shall have been performed according to methods approved by the director of the division of public health, and by a person certified for this purpose by the director of the division of public health. The director of the division of public health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to make certifications of such individuals, which certifications shall be subject to termination or revocation at the discretion of the director of the division of public health.

> IV. No chemical tests authorized by RSA 262-A:69-a shall be considered as evidence in any proceeding before any administrative officer or court unless such test is performed in accordance with methods prescribed by the director of the division of public health.

This court has interpreted RSA 262-A:69-i to hold that its provisions are mandatory and not permissive, *State v. Gallant*, 108 N.H. 72, 76, 227 A.2d 597, 599 (1967), and impose upon the director an affirmative obligation to promulgate satisfactory methods. Defendants' first contention is that no methods have been "prescribed" by the director of the division of public health (hereinafter director) relative to the performance of chemical analyses of an arrested person's breath.

In 1973 the director filed with the director of legislative services a "Blood Alcohol Manual: A Manual of Information, Sampling, Analytical and Reporting Procedures relating to the Determination of Blood Alcohol Concentrations." [Hereinafter manual.] By issuing and filing the manual, the director has taken sufficient affirmative action consistent with the statutory directive to ap-

prove and prescribe methods for ascertaining the chemical analyses of the arrested person's breath by a person certified for this purpose. *See State v. Amato,* 115 N.H. 639, 641, 348 A.2d 339, 341 (1975).

Part VI of the manual recites that this particular part was "[a]dopted under the authority of RSA 262-A:69-i (III)" and is entitled *"Prescribed Methods and Qualifications* of Personnel Associated with the Chemical Analysis of a Person's Breath for Determining the Alcohol Content of His Blood." (Emphasis added.) The approved method of administering a breathalyzer test is clearly embodied in the manual. It states that the test should be performed with "instruments . . . designed for the express purpose of accurately determining the alcohol content of the breath." It also sets forth a maintenance schedule for the instruments, specifies the chemicals to be employed, regulates the collection of samples, and requires that the report of findings be accompanied with a properly executed operational checklist. This checklist is the method prescribed by the manufacturer of the particular breathalyzer. *See State v. Gillis,* 114 N.H. 417, 419, 321 A.2d 576, 577 (1974). A brief check of other jurisdictions shows that there is no one authoritative form that these rules and regulations concerning blood alcohol content take even though some of the jurisdictions have similar implied consent sections and administrative procedure acts. *See City of Cincinnati v. Duhart,* 41 Ohio App. 2d 127, 322 N.E.2d 897 (1974); *People v. Crawford,* 23 Ill. App. 3d 398, 318 N.E.2d 743 (1974); *City of Olympia v. Sprout,* 5 Wash. App. 897, 492 P.2d 586 (1971). We hold, however, that the form used by the director constitutes compliance with the statute.

■ The defendants also contend that the Administrative Procedure Act, RSA ch. 541-A (Supp. 1975) [hereinafter APA] imposes additional obligations upon the director in this case. The APA provides a procedure, including hearings, for the adoption of rules by State agencies. Under RSA 541-A:1 I (Supp. 1975) the division of public health services is a department within the executive branch of State government and, therefore, is an agency subject to the APA. Whether the APA applies and compels the director to comply with the adoption and filing requirements depends upon whether the statements contained in the manual prescribing and approving the methods relative to the chemical analyses are "rules" within the definition set forth in RSA 541-A:1 IV (Supp. 1975). This section provides:

"Rule" shall mean each agency statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure or practice requirements of any agency or which prescribes a penalty. The term includes the amendment or repeal of a prior rule but does not include (a) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public, (b) declaratory rulings pursuant to RSA 541-A:8, or (c) intra-agency memoranda.

This section has been recently amended, Laws 1977, ch. 471, to broaden the scope of what would be included within the definition of rules, but this change does not affect the outcome of this case.

We agree with the defendants that the methods the director is charged to prescribe are "rules" within the meaning of the APA. These methods clearly constitute a "statement of general applicability that implements . . . law" under RSA 541-A:1 IV (Supp. 1975). The methods govern the conduct of every breathalyzer test administered under RSA 262-A:69 (Supp. 1975), and the prosecutors, by showing compliance with these methods, are enabled to introduce the results of these tests in a much simpler fashion than if they were required to introduce this evidence through a procedure designed to show their reliability as scientific evidence in each and every case. *See State v. Mills,* 328 A.2d 410 (Vt. 1974).

The legislature in RSA 262-A:69-i (Supp. 1975) delegated to the director the twin tasks of determining: (1) how the chemical analyses should be performed and (2) who would be qualified to give the test. We consider the director's performance of these duties to be rulemaking and therefore subject to the APA's procedural requirements for adoption, filing, and publication. We further note that the legislature did not include section 69 of chapter 262-A within the list of exempted sections when it exempted sections 21, 56, 72 of the same chapter. RSA 541-A:10. If the legislature did not intend that section 69 be subject to the hearing or filing requirements it may, of course, amend the language of RSA 541-A:10.

RSA 541-A:4 I provides that "[e]ach agency shall file in the office of the director of legislative services a certified copy of each rule adopted or issued by it, including all rules *existing* on the

effective date of this chapter." (Emphasis added.) It is clear that part VI of the manual containing the rules in question was first adopted in December of 1971, well before the APA requirements regarding methods for the adoption of rules became effective in August of 1974. The APA does not require that rules in existence prior to the effective date be readopted in accordance with the procedure set forth in RSA 541-A:3, but instead requires that those rules in existence be filed with the director of legislative services. The court found that the director has filed the manual in accordance with RSA ch. 541-A.

The defendants contend, however, that this particular filing is ineffective under RSA 541-A:2 I(c) since neither the breathalyzer operational checklist nor the manufacturer's instructions were filed with the director of legislative services. However, the actual method adopted and filed by the director requires that the operational checklist accompany the read-out chart from the breathalyzer instrument. The court also found that a copy of this checklist was available to defendants and their counsel. We are also of the opinion that the information contained in the manual allows defense counsel to prepare a more than adequate defense to the offense charged by challenging the State's proof that the tests were administered in accordance with the manufacturer's instructions.

We hold that the filing of the manual substantially complied with the statute. The answers to questions A and B (parts 1 and 2) are "Yes"; the answer to question C is "No."

*Remanded.*

LAMPRON, J., did not sit; BROCK, J., sat by special assignment pursuant to RSA 490:3; the others concurred.