**STATE of Maine**

v.

**Bruce SUTHERBURG.**

Supreme Judicial Court of Maine.

July 2, 1979.

Joseph H. Field, Asst. Dist. Atty. (orally), Bath, for plaintiff.

Barry L. Kohler, Brunswick (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

On September 8, 1977, defendant Sutherburg was arrested for operating a motor

vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312(10). After being advised of the implied consent law by the arresting officer, William Holloway, defendant submitted to a breath test. Analysis of the test indicated that defendant had a blood-alcohol level of .29 per cent. Defendant was convicted in the Sixth District Court on October 7, 1977, and fined $150. Officer Holloway testified at trial that while he believed the defendant to have been under the influence of alcohol, he was surprised that the result came back as high as it did. Defendant appealed to the Superior Court, Sagadahoc County.

On October 14, 1977, defendant filed a motion for discovery, which was amended on November 9, 1977. After a hearing on the motion, held on November 18, 1977, the presiding justice ordered the State to produce all parts of the original test kit that were available. The State produced all the test kit except the test ampoule, which had been destroyed in the process of analysis. Accordingly, defendant filed a motion to suppress the results of the test. That motion was denied after hearing. Defendant was convicted in the Superior Court following a jury trial and fined $750. Defendant seasonably filed motions for a new trial or judgment n. o. v. and for correction of sentence, which were denied. Defendant now appeals from the judgment of conviction, contending that admission of the results of the breath test violated due process and that the presiding justice used unconstitutional criteria in imposing sentence. We deny the appeal but remand for resentencing.

From the testimony at the suppression hearing, the presiding justice would have been justified in drawing the following conclusions about the analysis of breath tests: There are seven chemists certified by the State of Maine to analyze breath and blood samples. Five of the seven use the gas chromatograph method of analysis; the other two, including the chemist who analyzed defendant's breath sample, use the Kozelka-Hine method. Both methods are

approved by the Department of Human Services.

In the Kozelka-Hine method, all the contents of the test ampoule are consumed in the process of analysis. Consequently, only one test can be performed on each sample. In the gas chromatograph method, the silica gel from the ampoule is diluted into a solution, a portion of which is then injected into the gas chromatograph. The solution could be preserved for retesting for five to ten days from the initial testing without a substantial loss of accuracy.

█ Appellant contends that the State's failure to test his breath sample by the gas chromatograph method, and thus to provide him with an opportunity to verify the results, violated both the due process and the equal protection clauses of the Fourteenth Amendment. However, the evidence indicated that tests of breath samples are conducted by gas chromatograph within three or four days of the taking of the sample. Appellant filed his discovery motion more than thirty days after his sample was taken. Even if the gas chromatograph method had been used and an effort had been made to preserve the solution, it would not have been possible to retest the solution accurately at that time. Thus, appellant cannot demonstrate that he has suffered any particularized injury from the State's use of the Kozelka-Hine method of analysis, and he therefore lacks standing to raise the constitutional issues.[1] *State v. Van Reenan*, Me., 355 A.2d 392 (1976). *Cf. County Court of Ulster County v. Allen*, —— U.S. ——, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

█ In imposing sentence, the presiding justice of the Superior Court stated: "A .29 blood test is ordinarily a sufficiently high test that warrants a non-trial. More than that, it has cost the County $2,000 to try, cost the State $2,000 to try this case. Not that we wouldn't have spent $1,000 because the jury was coming in yesterday anyway, and we had to pay them for yesterday, but if this case hadn't been tried, I wouldn't have had to pay this jury for today, and that represents a cost of $1,000. Now ordinarily I don't care about what it costs to give a man a trial because he is entitled to it, but I do expect that he has some justification for trying the case. In other words there is some reason to believe that a jury will find him innocent, and I find it difficult in this case with a .29 test to justify the expenditure of that kind of money.

"Now I don't get emotional about people who drink and drive. It's a condition I think we have to live with. What I am concerned with primarily in this case is, the needless expense that the State was put to.

· · · · ·

"And I am going to fine him $750. I am compromising on the full cost of the jury, but I feel that he should pay $750 as some reimbursement to the State for the expense it has been put to in this case."

That the fine imposed in the Superior Court was greater than that imposed in the District Court does not in itself establish a constitutional violation. *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). Here, however, the comments of the trial justice clearly reveal that the defendant was being penalized for exercising his right to trial by jury. Such a vindictive penalty is "patently unconstitutional." *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). As the Supreme Court said in *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ." We conclude, and the State concedes, that the sentence imposed on the appellant in

1. We do not consider and therefore express no opinion on the merits of appellant's constitutional challenge. *Compare State v. Shutt*, 116 N.H. 495, 363 A.2d 406 (1976); *State v. Teare*, 135 N.J.Super. 19, 342 A.2d 556 (1975), *with Lauderdale v. State*, 548 P.2d 376 (Alaska 1976); *People v. Hitch*, 12 Cal.3d 641, 117 Cal. Rptr. 9, 527 P.2d 361 (1974).

the Superior Court was not constitutionally permissible.

The appellant filed a timely motion for correction of sentence pursuant to Rule 35(a), M.R.Crim.P. His motion was denied. The error being apparent in the record on appeal, the issue is cognizable on direct appeal. *State v. Chesnel*, Me., 358 A.2d 381 (1976). *See also State v. Kee*, Me., 398 A.2d 384 (1979); *State v. Samson*, Me., 388 A.2d 60 (1978). Accordingly, we vacate the sentence and remand to the Superior Court for sentencing from the record by a justice other than the justice who imposed the original sentence.

The entry is:

Appeal denied.

Remanded for resentencing in accordance with this opinion.

McKUSICK, C. J., did not sit.