651 P.2d 1260

Leonard F. MONTOYA, et al.,
Petitioners-Appellees,

and

Garland Gibson, Dennis Caruso and
James D. James, et al.,
Intervenors-Appellees,

v.

METROPOLITAN COURT and the
Individual Judges Thereof,
Respondents-Appellants.

No. 13822.

Supreme Court of New Mexico.

Aug. 20, 1982.

Rehearing Denied Oct. 4, 1982.

Steven Schiff, Dist. Atty., Jose L. Martinez, Sp. Asst. Dist. Atty., Albuquerque, Jeff Bingaman, Atty. Gen., Anthony P. Marquez, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

M. Lynn Billings, Ralph Binford, Albuquerque, for petitioners-appellees.

Nancy Hollander, John L. Walker, Michael Rosenberg, Roger A. Finzel, Albuquerque, for intervenors-appellees.

OPINION

EASLEY, Chief Justice.

This is an appeal from the district court's grant of a permanent writ, which prohibits the Metropolitan Court (Metro Court) judges from conducting trials of petitioners or intervenors against whom results of any breath alcohol test are admitted, unless the State also provides each petitioner or intervenor with a separate breath alcohol sample from that same test for independent laboratory testing. We reverse the district court.

Each of the appellees and intervenors is charged in Metro Court with driving while under the influence of intoxicating liquor contrary to Section 66–8–102, N.M.S.A. 1978 (Cum.Supp.1981), or under the analogous City of Albuquerque ordinance violation of driving while under the influence of a drug. Albuquerque Traffic Code Section 4.9(A). The issue is whether the State is constitutionally required to preserve what remains of the breath alcohol sample for independent testing by persons charged with driving while under the influence of intoxicating liquor.

It is fundamental that the deliberate suppression by the prosecutor of evidence fa-

vorable to and requested by the accused violates due process when that evidence is material either to guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Furthermore, access by defense counsel to certain evidence gathered by the government is constitutionally protected. *Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965); *U.S. v. Bryant,* 439 F.2d 642 (D.C.Cir.1971).

There is no challenge made to the accuracy of the test now being administered and no allegation that it is unconstitutional. The second test is designed to impeach the accurate test now being used. Appellees claim that the failure of the State to capture and preserve an independent breath sample of the appellees' breath, tested in a machine that analyzes alcohol content, has deprived appellees of the opportunity to present exculpatory evidence. This presumes that the breath sample could be accurately retested and that testimony concerning the retest would be admissible in evidence.

From the testimony presented by Mr. John Robert Zittel, a witness for petitioners, it is apparent that collection and testing of breath samples, in the manner requested by petitioners, is a scientific testing technique still in the developmental stages. Therefore, before evidence obtained from retesting a breath sample could be admissible in evidence, it would have to be shown that the reliability of the underlying scientific principles had been accepted by the scientific community. *State v. Trimble, supra; Frye v. United States,* 293 F. 1013 (D.C.Cir.1923); *State v. Canaday,* 90 Wash.2d 808, 585 P.2d 1185 (1978).

A review of the testimony concerning the reliability of a retest of a trapped breath alcohol sample shows (a) that any trapping device is less accurate than direct breath testing, and (b) that under all testing conditions observed in Colorado, a ten to fifteen percent difference between direct test results and trapped sample test results was commonly experienced. Occasionally, especially in private laboratory tests, the differences were even greater, sometimes as much as fifty percent. The trapped sample results were lower than the direct breath

test results eighty to ninety percent of the time.

We hold that there is no substantial evidence in the record from which the trial court could find that an independent breath alcohol sample could be accurately retested after capture and preservation on the machines currently in use. Thus, there is no due process requirement that an independent breath sample be preserved as evidence in appellees' cases. *State v. Canaday, supra, State v. Bryan,* 133 N.J.Super. 369, 336 A.2d 511 (1974).

For these reasons, the writ of prohibition was improvidently granted. *See State v. Teare,* 135 N.J.Super. 19, 342 A.2d 556 (App. Div.1975). *See also People v. Hitch,* 12 Cal.3d 641, 117 Cal.Rptr. 9, 527 P.2d 361 (1974).

It is the order of this Court that the decision of the district court be reversed and the writ of prohibition is hereby quashed.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.

FEDERICI, J., respectfully dissents.