Pelham Municipal Court
No. 91-033

THE STATE OF NEW HAMPSHIRE

v.

JAMES MEANEY

November 6, 1991

*John P. Arnold*, attorney general (*David S. Peck*, senior assistant attorney general, on the brief and orally), for the State.

*Richards, Gawryl & MacAllister*, of Nashua, for the defendant, filed no brief.

THAYER, J. On interlocutory transfer approved by the Pelham Municipal Court (*Lynch*, J.), the State appeals the municipal court's decision to grant the defendant's motion to suppress the results of an Intoxilyzer 5000 breath test, pursuant to RSA 265:85, IV (Supp. 1990). The defendant was arrested on March 13, 1990, for driving while intoxicated and submitted to the breath test. The issues presented to us are whether the absence of an incorporation by reference statement on March 13, 1990, invalidated rules promulgated by the division of public health services (the division) regarding the operation of the Intoxilyzer 5000 and, if so, whether suppression of the test results was an appropriate remedy. We hold that no incorporation by reference statement was needed, and therefore reverse and remand.

The facts relevant to this decision are as follows. The Intoxilyzer 5000 is a device used by New Hampshire police officers to test a person's breath for alcoholic content. *See* N.H. ADMIN. RULES, He-P 2207.02(c). RSA 265:85, IV (Supp. 1990) provides that no breath test results "shall be considered as evidence in any proceeding before any administrative officer or court unless such test is performed in

accordance with methods prescribed by the director of the division of public health services." "Methods," as used in RSA 265:85, IV (Supp. 1990), has been interpreted to mean "rules." *State v. Van Wie*, 118 N.H. 31, 35, 382 A.2d 372, 374 (1978); *see also* RSA 265:85, V(a) (Supp. 1990) (requiring the division to adopt rules relative to methods and procedures for testing breath to determine alcohol concentration).

Pursuant to RSA 265:85, V(a) (Supp. 1990), the division filed a rules proposal with the legislative committee on administrative rules (the committee) in January 1990 regarding operation of the Intoxilyzer 5000. One section of the proposal, now N.H. ADMIN. RULES, He-P 2207.03(a), states that "[a]ll breath samples shall be collected in a manner consistent with manufacturer specifications of [the Intoxilyzer 5000]." In response, the committee told the division in February 1990 that section 2207.03(a)'s reference to "manufacturer specifications" in effect incorporated by reference the Intoxilyzer 5000's instruction manual, thereby triggering the requirement of RSA 541-A:3-d, II(e) and IV (Supp. 1990) that an "incorporation by reference statement" be filed. The division later filed the requested statement, on March 21, 1990.

■■ Among other things, an incorporation by reference statement does two things: (1) it certifies that the text of the matter incorporated has been reviewed by the agency responsible for promulgating the rule, and (2) it explains how the text can be obtained by the public. RSA 541-A:3-d, IV (Supp. 1990). An agency filing a final proposal of a rule must submit an incorporation by reference statement only "if the rule incorporates a set of rules from a body outside the state, such as a national code." RSA 541-A:3-d, II(e) (Supp. 1990).

On March 13, 1990, the defendant was arrested for driving while intoxicated and submitted to an Intoxilyzer 5000 breath test. At that time, the division had not yet filed the incorporation by reference statement requested by the committee. When the State sought to introduce the results of the breath test at trial, the defendant filed a motion to suppress, arguing that the division's rules regarding operation of the Intoxilyzer 5000 were not validly adopted until the division filed the incorporation by reference statement on March 21, 1990. Therefore, the defendant contended, admission of the breath test results, which were obtained before that date, would violate RSA 265:85, IV (Supp. 1990). The municipal court agreed and granted the motion.

■■ On appeal, the State argues that the division was not required to file an incorporation by reference statement. We concur. The principle of *ejusdem generis* provides that, where specific words in a statute follow general ones, the general words are construed to embrace only objects similar in nature to those enumerated by the specific words. N. SINGER, 2A SUTHERLAND STATUTORY CONSTRUCTION § 47.17, at 166 (Sands 4th ed. 1984). An agency is required to file an incorporation by reference statement only if its proposed rules "incorporate[ ] a set of rules from a body outside the state, such as a national code." RSA 541-A:3-d, II(e) (Supp. 1990). Applying the principle of *ejusdem generis*, we hold that "a set of rules" must be interpreted to include only items similar in nature to "a national code." Obviously, the Intoxilyzer 5000 instruction manual does not meet this description.

■■ We therefore hold that no incorporation by reference statement was required for valid adoption of New Hampshire Administrative Rule He-P 2207. Because the granting of defendant's motion to suppress was based on a finding that such a statement was required, we reverse the municipal court's decision and need not address the State's additional argument on the propriety of the suppression remedy. Additionally, we note, assuming *arguendo* that an incorporation by reference statement were required, the State would be entitled to reversal based on RSA 541-A:13, II(a), which provides that an inadvertent failure to make required assurances relating to an incorporation by reference statement would not affect the validity of a rule after its adoption.

*Reversed and remanded.*

BATCHELDER, J., concurred in the result only; the others concurred.