Concord Municipal Court,
No. 4970.

STATE

*v.*

THOMAS MOREY.

Submitted November 8, 1961.
Decided December 27, 1961.

*William J. O'Neil,* Assistant Attorney General and *Paul A. Rinden,* county attorney, for the State.

*Robert D. Branch,* for the defendant.

LAMPRON, J. RSA 603:1 provides in part as follows: "Indictments and prosecutions for offenses punishable by fine not exceeding one hundred dollars, or by imprisonment not exceeding six months, shall be found or begun within one year, and all other informations and indictments . . . [exceptions not material] shall be filed or found within six years after the offense is committed."

RSA 582:12, as amended by Laws 1957, 137:1, under which the present complaints were brought, provides that whoever obtains

money, property, labor or services by fraudulent checks shall be guilty of larceny. RSA 582:5, as amended by Laws 1955, 175:4, provides that a person guilty of a larceny "of a less amount or value than fifty dollars . . . shall be imprisoned not more than six months, or fined not more than two hundred dollars, or both."

The State takes the position that because the offenses with which the defendant is charged are punishable by a fine "exceeding one hundred dollars" and as a matter of fact are punishable by six months imprisonment or a two hundred dollar fine or both, they do not come within the ambit of the one-year provision of RSA 603:1.

The defendant maintains that the Legislature intended the one-year limitation in the above statute to bar the prosecution not only of crimes for which the fine does not exceed one hundred dollars but also of those for which the maximum imprisonment does not exceed six months. We agree with the defendant.

Such statutes, while allowing an adequate time for investigation and prosecution, are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct. Note, 102 U. Pa. L. Rev. 630, 632, 651. Although they are to be accorded a rational meaning in harmony with the obvious intent and purpose of the law, these statutes are to be construed liberally in favor of the accused. *State* v. *Patriarca*, 71 R. I. 151; 22 C. J. S., Criminal Law, *s.* 224, *p.* 576; 1 Wharton, Criminal Procedure, *s.* 367, *p.* 415; 33 N. D. L. Rev. 315, 317.

Granted the above rule "is not to be employed to defeat or interfere with the legislative direction." *State* v. *Williams*, 92 N. H. 377, 378. Nor can manifest legislative policy be defeated by a slavish insistence on grammatical nicety or precision in terms. *State* v. *Brown*, 22 N. J. 405. However "when the meaning of a penal statute is doubtful, the accused has the benefit of the doubt." *State* v. *Barter*, 58 N. H. 604, 607. The use of the disjunctive "or" instead of the conjunctive "and" in a statute of repose such as RSA 603:1 indicates in our opinion a legislative intent to give a broad field of application to the shorter limitation provision by making it cover all offenses in which either the maximum imprisonment is six months or the maximum fine is one hundred dollars.

Prior to the amendment of RSA 582:5 by Laws 1955, 175:4, a larceny of a value under twenty dollars carried a fine of not more than fifty dollars or imprisonment of not more than six months and fell clearly within the one-year provision of RSA 603:1 even

under the interpretation advocated here by the State. It can be assumed that the elimination by the Legislature of the difference in penalties between larceny of property of a value under twenty dollars and of property of a value of twenty dollars and less than fifty dollars was motivated by the change in the value of the dollar. See *Concrete, Inc.* v. *Rheaume Builders,* 101 N. H. 59; *Rix* v. *Asadoorian,* 103 N. H. 330. However if we adopted the State's interpretation, a prosecution for larceny of one dollar which was previously clearly within the one-year limitation would now come under the six-year provision. This is further reason for deciding that the Legislature more likely intended the one-year provision of RSA 603:1 was to bar the prosecution not only of crimes for which the fine does not exceed one hundred dollars but also those for which the maximum imprisonment does not exceed six months even if an alternative or conjunctive penalty for such crime is in excess of these limits as is the case here.

*Exceptions sustained.*

All concurred.