Sullivan
No. 7243

STATE OF NEW HAMPSHIRE

v.

RAYMOND C. MURGATROY, SR.

December 31, 1975

*Warren B. Rudman,* attorney general, *Thomas D. Rath* and *Gregory Smith,* assistant attorneys general *(Mr. Smith* orally), for the State.

*Bell & Kennedy* and *H. Neil Berkson (Mr. Berkson* orally) for the defendant.

GRIMES, J. The issues presented in this transfer are whether the complaint alleged a criminal offense under RSA 630:3 II as it was

written at the time of the alleged offense, and whether the results of a breathalyzer test are admissible in evidence to prove the offense of negligent homicide under RSA 630:3 II. These questions were raised in a motion to quash and motion to suppress. All questions of law were transferred without ruling by *Johnson,* J.

The defendant was indicted by a grand jury on September 2, 1974, on a charge of negligent homicide under the provisions of RSA 630:3 II. The indictment charged that on June 8, 1974, in Goshen, defendant had negligently caused the death of Teresa Gonyea, a thirteen-year-old girl from Newport, by operating his automobile while under the influence of liquor. An arraignment was held on October 3, 1974, at which defendant, without entering a plea, filed a motion to quash the complaint alleging that it failed to state a criminal offense under RSA 630:3 II. Defendant further filed a motion to suppress as evidence, the results of a breathalyzer test taken at the time of the arrest.

Defendant's first contention is that RSA 630:3 II, as it existed at the time of the accident mistakenly provided that a propelled vehicle is one defined in RSA 637:9 II instead of RSA 637:9 III where a propelled vehicle was actually defined. It is defendant's argument that because of this mistaken reference in RSA 630:3 II the complaint fails to allege a criminal offense, and thereby the motion to quash the complaint must be granted.

Since an automobile is a propelled vehicle, to grant defendant's motion and quash the complaint as a result of a mere mistake in RSA 630:3 II. The indictment charged that on June 8, 1974, in or interfere with the legislative direction. *See State v. Morey,* 103 N.H. 529, 530, 176 A.2d 328, 330 (1961); *State v. Williams,* 92 N.H. 377, 378, 31 A.2d 369, 370 (1943). As the purpose, object, and intention of the legislature in the enactment of RSA 630:3 II is clear, we must disregard the mistaken reference to the section number and read the reference so as to refer to the proper section, RSA 637:9 III. 2A J. Sutherland, Statutory Construction §§ 47.36, 47.37 (3d ed. 1973); *People v. Anderson,* 398 Ill. 480, 486, 76 N.E.2d 773, 776 (1947).

Defendant's second contention is that, since RSA 262-A:63 (Supp. 1975) specifically states that the results of a breathalyzer test may be used as evidence when a defendant is charged under RSA 262-A:62 (Supp. 1975) with operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor, the test results are inadmissible in a trial of any criminal offense other than RSA 262-A:62 (Supp. 1975). As the defendant in the instant

case is charged under RSA 630:3 II, defendant argues that the results of the breathalyzer test should be suppressed. We disagree.

In enacting the provisions of the implied consent law RSA 262-A:62, :69-a (Supp. 1975) through 262-A:69-j (Supp. 1975), the legislature indicated that the results of a breathalyzer test could be used in the prosecution of offenses other than violations of RSA 262-A:62 (Supp. 1975). The legislature has given approval to the admission of the results of a breathalyzer test in a prosecution other than under RSA 262-A:62 (Supp. 1975) when it stated in RSA 262-A:69-a (Supp. 1975) "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to a chemical test or tests of any or all or any combination of the following: blood, urine, or breath, for the purpose of determining the alcoholic or controlled drug content of his blood, *if arrested for any offense* arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor . . . ." (Emphasis added.)

As we stated in *State v. Reenstierna,* 101 N.H. 286, 287, 140 A.2d 572, 574 (1958): "The utilization of probative methods developed by modern medicine and science as an aid for a judge or jury to determine disputed questions of fact has received hospitable recognition in this state by both judicial decision and statute." As a scientifically reliable procedure, the results of the breathalyzer test may prove to be of aid to a judge or jury in the prosecution of offenses such as the instant case, and their use is not limited solely to prosecutions under RSA 262-A:62 (Supp. 1975).

*Motion denied; remanded.*

All concurred.