Sullivan
No. 2002-093

THE STATE OF NEW HAMPSHIRE

v.

ANDREW TUCKER

Argued: May 21, 2003
Opinion Issued: August 29, 2003

*Peter W. Heed,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Brennan, Caron, Lenehan & Iacopino,* of Manchester (*Michael J. Iacopino* on the brief and orally), for the defendant.

DALIANIS, J. Following a jury trial, the defendant, Andrew Tucker, was convicted of conspiracy to sell heroin in an amount greater than five grams. *See* RSA 318-B:2 (1995) (amended 2000); RSA 318-B:26, I(a)(3) (Supp. 2002); RSA 629:3 (Supp. 2002). On appeal, he contends that the Trial Court (*Burling,* J.) erred in admitting evidence concerning the weight of the alleged drugs. We affirm.

The record supports the following facts. Between November 2000 and February 2001, the defendant sold heroin to his co-conspirators on an almost daily basis; they bought an average of ten bundles of heroin each day for resale and personal consumption. On February 12, 2001, police stopped the co-conspirators and seized several bundles of heroin; a bundle contained ten packets of heroin.

At trial, the State presented the testimony of three criminalists in the State forensics laboratory to establish that the defendant had sold heroin in an amount greater than five grams. They testified that they had tested five packets selected at random from each of the groups provided to them for testing; the groups ranged in size from five packets to 105 packets. The packets were of similar size and appearance; all those tested contained heroin. The defendant objected to the admission into evidence of the unanalyzed packets.

In ruling that the untested packets were admissible, the trial court cited the experts' testimony that the seized packets were all similar in both size and appearance and that the tested packets all contained heroin. The trial court also found that "the weight of the contraband ... is a matter for the jury to consider." The State presented testimony that the defendant had sold his co-conspirators sixteen bundles of heroin on February 12, 2001, and that the seized drugs represented the amount sold in one day in a conspiracy which spanned several months and involved daily transactions of similar amounts.

On appeal, the defendant contends that because weight is an element of the charged offense, admission of the unanalyzed packets was error and that insufficient evidence was presented that the method used to estimate the weight of those packets was reliable.

We note at the outset that the defendant limits his claim of error to the admissibility of the unweighed packets and does not contest the sufficiency of the evidence underlying his conviction. Thus, we need not determine whether the evidence viewed in the light most favorable to the State was sufficient to support conviction, *see State v. Dupont*, 149 N.H. 70, 78 (2003), but rather limit our review to the admissibility of the unweighed packets. We review the trial court's rulings on evidentiary matters with considerable deference and will reverse the court's decision only if its exercise of discretion is unsustainable. *See State v. Dahood*, 148 N.H. 723, 725-26 (2002).

We have previously held that "[a] positive laboratory analysis of a representative sample of a quantity of material believed to be contraband may warrant a reasonable inference that the unanalyzed remainder of the material is also contraband." *State v. Rodrigue*, 127 N.H. 496, 499 (1985). The defendant invites us to overrule or limit the application of *Rodrigue* in light of the subsequent amendment of the controlled drug act to include increased penalties based upon the weight of the drugs. We decline the invitation.

Nor are we persuaded by the defendant's argument that the State's method of sampling was unreliable. Expert testimony was presented that the random sampling used was accepted in the forensic and scientific

community as a valid testing procedure. That the number sampled was limited to five packets in each group does not alter our conclusion that the results of the sampling were admissible; the defendant was free to argue that the limited number of samples affected the weight to be accorded the results. *Cf. State v. Murgatroy*, 115 N.H. 717, 719 (1975) (because it is a scientifically reliable procedure, breathalyzer test results admissible in negligent homicide trial).

In this case, where the random selection process was accepted in the scientific community, the chemical testing methods were consistent with those used in the scientific community and the tested and untested samples were similar in both appearance and packaging, we find sufficient reliability to permit the admission of the untested packets. *Cf. United States v. Scalia*, 993 F.2d 984, 989 (1st Cir. 1993) (addressing standards for admission of drug quantity estimations in sentencing proceeding). Given the expert testimony, we conclude that a reasonable inference could be drawn not only about the contents of the untested packets, but also about their weight. *Cf. Means v. State*, 372 S.E.2d 484, 486 (Ga. Ct. App. 1988) (evidence sufficient to prove weight element of offense where only twenty of 121 seized baggies were weighed and tested); *Com. v. Coplin*, 612 N.E.2d 1188, 1191-92 (Mass. App. Ct. 1993) (imputation of average weight of weighed samples to unweighed samples sufficient to prove weight element of offense where twenty packets chosen at random from 174 seized were weighed); *Com. v. Minott*, 577 A.2d 928, 931-33 (Pa. Super. Ct. 1990) (extrapolation of weight based on limited test samples permissible in assigning offense gravity score for sentencing purposes). Accordingly, we find no error in their admission.

*Affirmed.*

NADEAU and DUGGAN, JJ., concurred.