NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

2nd Circuit Court - Plymouth District Division
No. 2014-200


THE STATE OF NEW HAMPSHIRE

v.

JEFFREY MAXFIELD

Argued:  February 19, 2015
Opinion Issued:  May 19, 2015


Joseph A. Foster, attorney general (Lisa L. Wolford, assistant attorney general, on the brief and orally), for the State.


Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


LYNN, J.  The State appeals an order of the Circuit Court (Rappa, J.) that dismissed a criminal mischief charge on the ground that it was time-barred by the statute of limitations.  We reverse and remand.

The following facts are not in dispute.  On December 21, 2011, Lincoln police prepared a complaint charging the defendant, Jeffrey Maxfield, with criminal mischief, a class A misdemeanor offense.  See RSA 634:2 (Supp. 2014).  The complaint alleged that on December 14, the defendant had recklessly damaged another's property at Parker's Motel in Lincoln.  A justice of

the peace issued an arrest warrant one week later, but the defendant was not arrested until August 6, 2013. The State filed the complaint in court on August 9, three days after the defendant's arrest.

On September 19, 2013, the defendant moved to dismiss the charge, arguing that the delay between the issuance of the arrest warrant and his arrest violated his rights to a speedy trial, due process, and fundamental fairness under both the New Hampshire and United States Constitutions. The trial court denied this motion on November 6, 2013. The defendant filed a motion to reconsider, which the court likewise denied. The defendant then filed a second motion to dismiss, arguing that the charge was barred by the one-year statute of limitations applicable to misdemeanor level offenses. See RSA 625:8, I(c) (Supp. 2014). On December 5, 2013, the trial court granted the defendant's second motion to dismiss. In denying the State's motion to reconsider, the trial court stated that it "was unreasonable for there to be a delay of eighteen months between the commencement of prosecution and the commencement of the adversarial proceeding." This appeal followed.

On appeal, the State argues that the one-year period of limitations that applied to the defendant's criminal mischief charge was not violated and that the trial court erred in applying a reasonableness standard because the plain language of RSA 625:8, V (Supp. 2014) states merely that "[a] prosecution is commenced on the day when a warrant . . . is issued," and does not provide for an inquiry into whether the warrant was executed in a reasonable amount of time. The defendant responds that although the State's interpretation of the statute is "literal," it "is ultimately not reasonable." For this reason, the defendant asks us to construe RSA 625:8, V as requiring, when the State relies upon the issuance of an arrest warrant to toll the statute of limitations, "that the warrant be executed no later than a reasonable time after the expiration of the limitations period."

To resolve this issue, we must engage in statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Id. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." Id. "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." Id. "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." Id.

2

RSA 625:8 provides, in relevant part, that:

I.  Except as otherwise provided in this section, prosecutions are subject to the following periods of limitations:

. . . .

(c)  For a misdemeanor, one year;

. . . .

IV.  Time begins to run on the day after all elements of an offense have occurred . . . .

V.  A prosecution is commenced on the day when a warrant or other process is issued, an indictment returned, or an information filed, whichever is the earliest.

VI.  The period of limitations does not run:

(a)  During any time when the accused is continuously absent from the state or has no reasonably ascertained place of abode or work within this state; or

(b)  During any time when a prosecution is pending against the accused in this state based on the same conduct.

Under the plain language of the statute, the one-year limitations period for the defendant's criminal mischief charge began to run on December 15, 2011, the day after all the elements of the alleged offense had occurred.  See RSA 625:8, I, IV.  Paragraph V makes clear that "[a] prosecution is commenced" on the earliest of the following dates: (1) when a warrant or other process is issued; (2) when an indictment is returned; or (3) when an information is filed.  RSA 625:8, V.  In this case, the prosecution against the defendant was commenced on December 21, 2011, the date the warrant was issued.  Nothing in the plain language of paragraph V requires that a warrant issued under RSA 625:8 be executed within a reasonable time, nor does the language provide the trial court with license to inquire into the reasonableness of the warrant's execution.

Next, paragraph VI(b) states that the period of limitations does not run "[d]uring any time when a prosecution is pending."  RSA 625:8, VI(b).  Based upon a plain reading of the statute, then, the limitations period was tolled on the date that prosecution commenced against the defendant — December 21, 2011, when the warrant was issued.  Thus, we agree with the State that the one-year statute of limitations was not violated in this case because the time

3

period between when the statute of limitations began to run and when it was tolled was approximately one week.  Because the language of RSA 625:8 is plain and unambiguous, and because we will not add language to a statute that the legislature did not see fit to include, see Appeal of Local Gov't Ctr., 165 N.H at 804, we hold that the trial court erred by reading a reasonableness standard into the statute.

The defendant asserts, however, that an interpretation based solely upon the plain language of RSA 625:8 produces an absurd result.  He advances two specific arguments to support this assertion.  First, he contends that a literal reading does not satisfy the notice function essential to a statute of limitations, and thus circumvents the spirit of the act.  And second, he claims that this reading allows for the passage of an indefinite period of time between the closing of the protection afforded by the statute of limitations and the opening of the protection offered by the speedy trial doctrine, which did not commence in this case until the complaint was filed in court.  See State v. Brooks, 162 N.H. 570, 581 (2011).

Because our statute is clear on its face, we will only look beyond the language of the statute if a plain reading would compel an absurd result.  See State v. Breest, 167 N.H. 210, 212-13 (2014).  We are not persuaded that such absurd results follow from a literal interpretation of the statute of limitations.  First, we reject the defendant's argument that the spirit of the statute was circumvented.  This argument is based upon the incorrect premise that a statute of limitations serves a singular purpose — to provide notice to a defendant of when he or she is no longer at risk of being held accountable for certain conduct — and that this purpose is defeated when the statute is tolled through the issuance of an arrest warrant that is not executed with reasonable promptness.  However, a statute of limitations serves many other functions in addition to notice, including: "protect[ing] individuals from having to defend themselves against charges when the basic facts may have become obscured"; "minimiz[ing] the danger of official punishment because of acts in the far-distant past"; and "encouraging law enforcement officials promptly to investigate suspected criminal activity." United States v. Marion, 404 U.S. 307, 323 (1971) (quotation omitted).  The fact that the defendant here did not receive notice of the charge against him prior to what, in the absence of the warrant, would have been the expiration of the limitations period, no more defeats the purpose of the statute of limitations than does the return of a secret indictment or the filing in court of a sealed complaint or information.  These occurrences likewise toll the statute of limitations without providing notice to a defendant, who may not be arrested until after the limitations period otherwise would have expired.

We also reject the defendant's second absurdity argument, i.e., that our plain language construction of RSA 625:8 creates the potential for an indefinite temporal gap between the protections afforded by the statute of limitations and

4

those afforded by the constitutional right to a speedy trial.  We find no potential for absurd results inasmuch as a criminal defendant's right to due process of law under the State and Federal Constitutions provides adequate protection against overly stale prosecutions in situations where such a gap may exist.  See State v. Varagianis, 128 N.H. 226, 228 (1986) (recognizing that "an arbitrary delay between the time of an offense and the arrest or indictment of a defendant may result in a denial of due process" (quotation omitted)).  Because we are not persuaded that a literal interpretation would produce absurd results, we decline the defendant's invitation to consider the statute's legislative history or to look to other jurisdictions to interpret its language.

The dissent asserts that, without the reasonableness requirement it would incorporate into RSA 625:8, V, the terms of that statute conflict with the policy of the statute of limitations to afford a defendant protection against stale prosecutions.  The problem with this argument is that the statute of limitations does not purport to protect against stale prosecutions under any and all circumstances.  Rather, as written, RSA 625:8, V plainly reflects a legislative assessment "of the relative interests of the State and the defendant in administering and receiving justice," State v. Knickerbocker, 153 N.H. 467, 474 (2005), that trumps the protection against stale prosecutions when the State has taken certain actions to commence a prosecution, one of which is the obtaining of a warrant for the arrest of the defendant.  Although our holding is dictated by a plain reading of the statute, we observe that the defendant's position appears to have much to commend it as a matter of public policy.  The legislature therefore may wish to consider whether RSA 625:8 should be amended accordingly.

For the reasons stated above, we reverse the order of the trial court dismissing the complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred; CONBOY, J., dissented.

CONBOY, J., dissenting.  Because I conclude that the trial court did not err by interpreting RSA 625:8, V (2007) to require an inquiry into the reasonableness of the delay in executing an arrest warrant, I respectfully dissent.

"The interpretation of a statute is a question of law, which we review de novo."  State v. Breest, 167 N.H. 210, 212 (2014) (quotation omitted).  "When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used."  State v. Warren, 147 N.H. 567, 568 (2002) (quotation omitted).

5

"We interpret a statute to lead to a reasonable result and review a particular provision, not in isolation, but together with all associated sections." Green Crow Corp. v. Town of New Ipswich, 157 N.H. 344, 346 (2008) (quotation omitted). "We will construe statutes so as to effectuate their evident purpose and will not apply a construction that nullifies, to an appreciable extent, that purpose." Asmussen v. Comm'r, N.H. Dep't of Safety, 145 N.H. 578, 586 (2000) (quotation and citation omitted). Finally, we construe the Criminal Code "according to the fair import of [its] terms and to promote justice." RSA 625:3 (2007).

RSA 625:8, I(c) (2007) provides that prosecution for a misdemeanor is subject to a one-year limitations period. This "[t]ime begins to run on the day after all elements of an offense have occurred." RSA 625:8, IV (2007). However, under RSA 625:8, VI(b) (2007), the limitations period is tolled "[d]uring any time when a prosecution is pending against the accused in this state based on the same conduct." RSA 625:8, V provides: "A prosecution is commenced on the day when a warrant or other process is issued, an indictment returned, or an information is filed, whichever is the earliest."

The State contends that prosecution of this case was commenced when the arrest warrant was issued on December 21, 2011, and that the commencement of prosecution tolled the limitations period. See RSA 625:8, V, VI(b). Because prosecution was commenced only one week after the limitations period began to run, see RSA 625:8, IV, the State argues that the one-year limitations period for misdemeanors did not expire in this case. Thus, the State reasons that it is immaterial that the warrant was not served until more than 19 months later. In my view, the State's interpretation renders the statutory time periods in RSA 625:8, I, meaningless and contravenes the purpose of the statute.

We have previously recognized that "statutes of limitation provide the primary safeguard against the initiation of overly stale criminal charges." State v. Philibotte, 123 N.H. 240, 244 (1983); see also State v. Morey, 103 N.H. 529, 530 (1961) (construing prior version of statute and explaining that statutes of limitation "are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct"). As the United States Supreme Court has explained, "[t]he purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." United States v. Marion, 404 U.S. 307, 323 (1971) (quotation omitted). "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." Id. (quotation omitted). Thus, statutes of limitation "represent legislative assessments of relative interests of the State and the defendant in administering and receiving

6

justice." State v. Knickerbocker, 152 N.H. 467, 474 (2005) (quotation and ellipsis omitted). "Although they are to be accorded a rational meaning in harmony with the obvious intent and purpose of the law, these statutes are to be construed liberally in favor of the accused." Morey, 103 N.H. at 530.

The State contends that the trial court erred by inquiring as to whether the warrant was executed within a reasonable time period because the plain language of RSA 625:8 does not provide for such an inquiry. Under the State's interpretation, as long as an arrest warrant is issued within the applicable limitations period, the warrant may be executed well beyond the time when the statutory period would otherwise expire. The State's literal interpretation disregards the intended purpose of the statute. This interpretation allows for the prosecution of stale criminal charges, thereby increasing "the danger of official punishment because of acts in the far-distant past" and requiring individuals "to defend themselves against charges when the facts may have become obscured by the passage of time." Marion, 404 U.S. at 323 (quotations omitted). This case illustrates the tension between two principles of statutory construction. We must interpret a statute according to its plain meaning, but we must also interpret it so as to lead to a reasonable result that comports with its purpose. See Green Crow Corp., 157 N.H. at 346. In my view, the statutory provision allowing for tolling of the limitations period based upon issuance of an arrest warrant – regardless of when the warrant is served after the limitations period has otherwise expired – runs counter to the legislative intent underlying the statute. Allowing the State unlimited time to serve a warrant does nothing to protect against stale prosecutions.

Moreover, I agree with the defendant that, in these circumstances, the potential for stale prosecutions cannot be justified by the availability of due process protections afforded by the State and Federal Constitutions. That a due process claim could be made in an extreme case is no answer to the vitiation of the purpose behind the statute of limitations. Cf. Marion, 404 U.S. at 323 ("There is . . . no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function."). Accordingly, in light of the evident purpose of the statute, I would hold that it requires that an arrest warrant issued under RSA 625:8, V be executed within a reasonable amount of time after the limitations period would otherwise expire. See State ex rel Fortin v. Harris, 109 N.H. 394, 395 (1969) ("If a literal construction of a statute does violence to the apparent policy of the Legislature, it will be rejected." (quotation omitted)).

Here, the trial court found that the defendant "took no conscious or affirmative steps to avoid arrest. He lived in the area the whole time; he worked in the area at a local restaurant; he had contact with local police departments, and even lived with the alleged victim for a period of time after the alleged offense." However, the trial court did not allow the State to

7

demonstrate that the more than 19-month delay in executing the arrest warrant was reasonable. Cf. State v. Woodtke, 25 A.3d 699, 704 (Conn. App. Ct. 2011) (explaining that, because expiration of limitations period is an affirmative defense, burden rests on defendant to prove elements of defense, but once defendant does so, burden shifts to State to prove delay in executing warrant was not unreasonable). Therefore, I would vacate the trial court's dismissal of the charge and remand for a hearing to provide the State with the opportunity to demonstrate that the delay in this case was reasonable.

For these reasons, I respectfully dissent.