CONBOY, J.,
dissenting. Because I conclude that the trial court did not err by interpreting RSA 625:8, V (2007) to require an inquiry into the reasonableness of the delay in executing an arrest warrant, I respectfully dissent.
“The interpretation of a statute is a question of law, which we review de novo.” State v. Breest, 167 N.H. 210, 212 (2014) (quotation omitted). ‘When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used.” State v. Warren, 147 N.H. 567, 568 (2002) *683 (quotation omitted). “We interpret a statute to lead to a reasonable result and review a particular provision, not in isolation, but together with all associated sections.” Green Crow Corp. v. Town of New Ipswich, 157 N.H. 344, 346 (2008) (quotation omitted). £We will construe statutes so as to effectuate their evident purpose and will not apply a construction that nullifies, to an appreciable extent, that purpose.” Asmussen v. Comm’r N.H. Dep’t of Safety, 145 N.H. 578, 586 (2000) (quotation and citation omitted). Finally, we construe the Criminal Code “according to the fair import of [its] terms and to promote justice.” RSA 625:3 (2007).
RSA 625:8, 1(c) (2007) provides that prosecution for a misdemeanor is subject to a one-year limitations period. This “[t]ime begins to run on the day after all elements of an offense have occurred.” RSA 625:8, IV (2007). However, under RSA 625:8, VI(b) (2007), the limitations period is tolled ££[d]uring any time when a prosecution is pending against the accused in this state based on the same conduct.” RSA 625:8, V provides: “A prosecution is commenced on the day when a warrant or other process is issued, an indictment returned, or an information is filed, whichever is the earliest.”
The State contends that prosecution of this case was commenced when the arrest warrant was issued on December 21, 2011, and that the commencement of prosecution tolled the limitations period. See RSA 625:8, V, VI(b). Because prosecution was commenced only one week after the limitations period began to run, see RSA 625:8, IV, the State argues that the one-year limitations period for misdemeanors did not expire in this case. Thus, the State reasons that it is immaterial that the warrant was not served until more than 19 months later. In my view, the State’s interpretation renders the statutory time periods in RSA 625:8,1, meaningless and contravenes the purpose of the statute.
We have previously recognized that “statutes of limitation provide the primary safeguard against the initiation of overly stale criminal charges.” State v. Philibotte, 123 N.H. 240, 244 (1983); see also State v. Morey, 103 N.H. 529, 530 (1961) (construing prior version of statute and explaining that statutes of limitation “are designed primarily to protect the accused from the burden of defending himself against charges of long completed misconduct”). As the United States Supreme Court has explained, ££[t]he purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions.” United States v. Marion, 404 U.S. 307, 323 (1971) (quotation omitted). “Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official *684 punishment because of acts in the far-distant past.” Id. (quotation omitted). Thus, statutes of limitation “represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice.” State v. Knickerbocker, 152 N.H. 467, 474 (2005) (quotation and ellipsis omitted). “Although they are to be accorded a rational meaning in harmony with the obvious intent and purpose of the law, these statutes are to be construed liberally in favor of the accused.” Morey, 103 N.H. at 530.
The State contends that the trial court erred by inquiring as to whether the warrant was executed within a reasonable time period because the plain language of RSA 625:8 does not provide for such an inquiry. Under the State’s interpretation, as long as an arrest warrant is issued within the applicable limitations period, the warrant may be executed well beyond the time when the statutory period would otherwise expire. The State’s literal interpretation disregards the intended purpose of the statute. This interpretation allows for the prosecution of stale criminal charges, thereby increasing “the danger of official punishment because of acts in the far-distant past” and requiring individuals “to defend themselves against charges when the facts may have become obscured by the passage of time.” Marion, 404 U.S. at 323 (quotations omitted). This case illustrates the tension between two principles of statutory construction. We must interpret a statute according to its plain meaning, but we must also interpret it so as to lead to a reasonable result that comports with its purpose. See Green Crow Corp., 157 N.H. at 346. In my view, the statutory provision allowing for tolling of the limitations period based upon issuance of an arrest warrant — regardless of when the warrant is served after the limitations period has otherwise expired — runs counter to the legislative intent underlying the statute. Allowing the State unlimited time to serve a warrant does nothing to protect against stale prosecutions.
Moreover, I agree with the defendant that, in these circumstances, the potential for stale prosecutions cannot be justified by the availability of due process protections afforded by the State and Federal Constitutions. That a due process claim could be made in an extreme case is no answer to the vitiation of the purpose behind the statute of limitations. Cf. Marion, 404 U.S. at 323 (“There is ... no need to press the Sixth Amendment into service to guard against the mere possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function.”). Accordingly, in light of the evident purpose of the statute, I would hold that it requires that an arrest warrant issued under RSA 625:8, V be executed within a reasonable amount of time after the limitations period would otherwise expire. See State ex rel Fortin v. Harris, *685 109 N.H. 394, 395 (1969) (“If a literal construction of a statute does violence to the apparent policy of the Legislature, it will be rejected.” (quotation omitted)).
Here, the trial court found that the defendant “took no conscious or affirmative steps to avoid arrest. He lived in the area the whole time; he worked in the area at a local restaurant; he had contact with local police departments, and even lived with the alleged victim for a period of time after the alleged offense.” However, the trial court did not allow the State to demonstrate that the more than 19-month delay in executing the arrest warrant was reasonable. Cf. State v. Woodtke, 25 A.3d 699, 704 (Conn. App. Ct. 2011) (explaining that, because expiration of limitations period is an affirmative defense, burden rests on defendant to prove elements of defense, but once defendant does so, burden shifts to State to prove delay in executing warrant was not unreasonable). Therefore, I would vacate the trial court’s dismissal of the charge and remand for a hearing to provide the State with the opportunity to demonstrate that the delay in this case was reasonable.
For these reasons, I respectfully dissent.